JOHN A. CONKEY & CO. .(BEECH NUT PACKING Co.) v. UNITED STATES

No. 4988.—Invoices dated Gothenburg, Sweden, January 28, 1938, etc.
Entered at Boston, Mass., February 16, 1938, etc.
Entry No. 10623, etc.

(Decided August 15, 1940)

. Joseph F. Lockett for the plaintiffs.
Charles D. Lawrence, Acting Assistant Attorney General (Daniel I. Auster, special attorney), for the defendant.

· OLIVER, Presiding Judge: These appeals to reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto.

. It is hereby stipulated by and between counsel for the respective parties, subject to the approval of the court:

. 1. That the merchandise and the issues covered by the appeals to reappraisement enumerated on the attached Schedule "A" is the same in all material respects as that which was the subject of the decision in the case of Arkell Safety Bag Co. v. United States, R. D. 4670.

2. That the record in said case may be incorporated herein.

3. That there was no foreign-market value, as such value is defined in Section 402 (c) of the Tariff Act of 1930, for the instant merchandise, at the times of exportation thereof.

4. That the proper basis of appraisement for said merchandise is the export value, as such value is defined in Section 402 (d) of said Act and as legally interpreted in the Arkell Safety Bag Company case *supra*.

5. That the market value or price of the merchandise covered by each reappraisement case herein at the time of exportation of said merchandise at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Sweden, for exportation to the United States, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States is the invoice value thereof, less 2 percent cash discount, inland freight, dock dues and wharfage, ocean freight, loading at mill, and insurance, as invoiced.

6. That the appeals be submitted upon this stipulation and the official papers in each case without further hearing or argument.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such values are the invoice values thereof, less 2 per centum cash discount, inland freight, dock dues and wharfage, ocean freight, loading at mill, and insurance, as invoiced. Judgment will be rendered accordingly.